UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

P. J. HAHN                                          CIVIL ACTION

VERSUS                                             NO. 15-2867

MICHAEL HUNT ET AL.                                SECTION "G" (2)

## ORDER AND REASONS ON MOTIONS

This is a copyright infringement case. It was originally filed in state court and removed to this court based upon federal question jurisdiction. In this case, plaintiff P. J. Hahn alleges that defendants, artist Michael Hunt and two of his corporate entities (hereinafter collectively "Hunt"), used Hahn's copyrighted photographs of "various native shorebirds," Record Doc. No. 1-1 at ¶ IV, to produce and profit from certain print/lithographs allegedly marketed by Hunt through Ducks Unlimited without obtaining permission to use plaintiff's copyrighted material.

Two motions are pending before me. Both are related to subpoenas and a deposition notice seeking testimony and production of documents and electronically stored information from Alexander Ellsworth, an individual named by Hunt as a witness, Record Doc. No. 19 at p. 2, but who is not a party to this litigation. The motions are (1) Ellsworth's Motion to Quash or, Alternatively, for a Protective Order, Record Doc. No. 24, and (2) Defendants' Motion to Compel Compliance with Subpoenas and, Alternatively, for Contempt, Record Doc. No. 28. Movant submitted a supplemental memorandum, Record Doc. No. 35, and both sides filed written opposition memoranda. Record Doc. Nos.

37 and 38.  Movant was permitted to file a reply memorandum.  Record Doc. Nos. 39, 40, 41.  Oral argument was conducted on April 20, 2016.

Although the current dispute is obviously limited to that which is pending before this court, it is informed by the fact that those involved have also been engaged in two separate state court actions.  It is clear from the records of these state court actions attached to Ellsworth's motion, Record Doc. No. 24-5 - 24-17, that those proceedings have been vitriolic and virulently litigated.  Those state court actions have nothing legally and little factually to do with this federal copyright infringement claim.

Having considered the record, the written submissions of the parties, the oral argument of counsel, and the applicable law, **IT IS ORDERED** that Ellsworth's motion is GRANTED as to the subject subpoenas.  For the following reasons, the subpoenas are quashed, and Ellsworth's deposition and document production, if any, will be subject to the court's protective and modification order contained herein.  Defendants' motion is DENIED in all respects, except that it is GRANTED IN PART insofar as it seeks an order scheduling Ellsworth's deposition.

Third-party subpoenas "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'"  Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); accord Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) (citing

2

<u>Fabery v. Mid-South OB-GYN</u>, No. 06-2136, 2008 U.S. Dist. LEXIS 39679, at *3-5 (W.D. Tenn. May 15, 2008), and cases cited therein).

The parameters established by Rule 26 are that permissible discovery extends only to that which is <u>non</u>-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured. Proportionality analysis includes consideration of factors including the importance of the issue at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Scholarly evaluation of the Federal Rules and the impact of inclusion of the proportionality concept within Rule 26(b)(1)'s threshold scope of discovery indicate "that non-parties have greater protections from discovery and that burdens on non-parties will impact the proportionality analysis."  E. Laporte and J. Redgrave, <u>A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26</u>, 9 Fed. Cts. L. Rev. 57 (2015).

> Rule 45[(d)(1)] affords non-parties a higher protection in terms of the burden that can be imposed upon them and states that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Indeed, when analyzing the costs and benefits of a production by a non-party in <u>Guy Chem. Co. v. Romaco AG</u>, [243 F.R.D. 310, 313 (N.D. Ind. 2007)], the court stated that "[t]he most crucial factor . . . is the fact that

[the producing party] is a non-party."  Although the court eventually ordered production, it was conditioned upon plaintiff paying the entire cost.  Other courts have imposed similar conditions based on their reluctance to impose significant costs of litigation onto a non-party.   Rule 45[(d)(1)] also commands the court to "enforce this duty [to not impose an undue burden or expense upon a non-party] and impose an appropriate sanction" upon the requesting party.

Id. at pp. 57-58 (footnotes omitted).  Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45.  Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D).

Ellsworth's request for a protective order is governed by Fed. R. Civ. P. 26(c)(1), which provides in pertinent part:  "A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."  The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Evaluating defendants' subpoenas[1] against these standards leads to the conclusion that the requests to Ellsworth to produce the broad array of materials sought in the subpoenas are excessive, seek much that is not relevant to the claims and defenses in this copyright infringement case, including possibly privileged communications between Ellsworth and his attorneys, and are beyond what is necessary and beneficial to resolution of this case, which is exclusively a copyright infringement case. For example, all three numbered requests for production seek all materials of all kinds relating to Hunt and all "artwork created by" Hunt, without limitation to the particular allegedly copyrighted photographs and print/lithographs for Ducks Unlimited that are the actual subject of the parties' claims and defenses in this lawsuit. In addition, the logistical requirements of the subpoena duces tecum and "Notice of Records Deposition" were unreasonable. The subpoena duces tecum and "Notice of Records Deposition" provided only 10 days for production of the requested materials from the date of the request, Record Doc. Nos. 24-3 at pp. 1, 4-5, when Fed. R. Civ. P. 34 provides for 30 days for responses to requests for production between parties. In short, the subpoenas are objectionable on their face because they exceed the scope of permissible discovery.

The claims and defenses and proportionality focus of this case are limited to the narrow transactions asserted in the pleadings; specifically, the petition originally filed in state court, Record Doc. No. 1-1, and the answer, Record Doc. No. 5. They include the

---

[1]One of defendants' discovery devices used against Ellsworth is a "Notice of Records Deposition." Record Doc. No. 24-3. Discovery in this case is governed by the Federal Rules of Civil Procedure, which contain no such discovery device.

particular photographs as to which plaintiff alleges copyright interests; the specifically described joint venture among the parties and Ducks Unlimited; the particular print/lithographs produced by Hunt for the alleged joint venture; the alleged "contract to obtain legal permission" from plaintiff for use of his photographs, Record Doc. No. 1-1 at ¶ IX; the "part of the" $246,000 settlement between Hunt and Ducks Unlimited in February 2015 concerning the print/lithographs as to which plaintiff claims copyright infringement, id. at ¶¶ X, XI; and the facts and circumstances underlying the affirmative defenses asserted by Hunt in the answer. They do not include the claims, defenses or subject matter of the separate state court lawsuits. As to proportionality specifically, although the parties' resources appear more or less equivalent, Ellsworth is not a party to this action. The importance of his testimony as a non-party witness and his relevant materials, if any, is limited to the matters set out above and does not extend to the vast range of materials sought in defendants' subpoena duces tecum or the subject matter of the state court litigation. The potential for burden, annoyance and oppression appears substantial, in light of the vast scope of the discovery requests served upon Ellsworth by defendants and the nature and manner in which the separate state court litigation has been waged. The amount in controversy appears limited to some portion of $246,000.

Accordingly, **IT IS ORDERED** that Ellsworth's motion is granted in that the subpoenas and deposition notices that are the subject of these motions are QUASHED. The subpoena duces tecum to Ellsworth is hereby MODIFIED to require that he must produce to defendants only those non-privileged materials in his possession, custody or control,

excluding communications between him and his counsel, concerning the particular photographs as to which plaintiff alleges copyright interests; the specifically described joint venture among the parties and Ducks Unlimited; the particular print/lithographs produced by Hunt for the alleged joint venture' the alleged contract to obtain legal permission from plaintiff for use of his photographs by Hunt and/or Ducks Unlimited; and the February 2015 settlement between Hunt and Ducks Unlimited concerning the particular print/lithographs as to which plaintiff claims copyright infringement, <u>but only insofar as such materials reflect or make reference to any claim of copyright protection or non-copyright application or to plaintiff's alleged right or claim to receive any part of the settlement amount paid to Hunt by Ducks Unlimited.</u>

**IT IS FURTHER ORDERED** that Ellsworth's motion for a protective order is GRANTED in that his oral deposition testimony is limited to the topics and materials set out in the preceding paragraphs of this order.  I find that the state court materials attached to the motion and the vast scope of Hunt's discovery requests sent to Ellsworth establish good cause to limit the topics about which Ellsworth may be questioned at his deposition, to avoid annoyance and oppression.  Questioning during Ellsworth's deposition concerning the claims, defenses and subject matter of the state court litigation referenced in the motion papers, including particularly any topics which the state courts have ruled are not discoverable in those actions, is specifically PROHIBITED.

**IT IS FURTHER ORDERED** that Ellsworth's motion is GRANTED insofar as it seeks an award of some yet-to-be-determined reasonable attorneys' fees and expenses

incurred in connection with this motion.  If Ellsworth seeks to recover, however, he must file a separate motion to set the amount of the award, noticing it for submission so that defendants may have an opportunity to oppose it, attaching all necessary proof and in compliance with Local Rule 54.2, no later than **April 29, 2016**.

For the same reasons set out above, defendants' motion is GRANTED only IN PART in that (1) Ellsworth must produce to defendants, no later than **April 29, 2016**, all materials in his possession, custody or control, but limited to the court's modification of the subpoena duces tecum set out above; and (2) Ellsworth must appear for his deposition and provide testimony, limited as provided in the protective order set out above.  Counsel must confer immediately to schedule Ellsworth's deposition at a date, place and time convenient for the witness, but the deposition must take place any day during the week of **May 2, 2016**.  No later than **April 25, 2016**, counsel must submit to me a letter, which I will file in the record, setting out the agreed-upon details of the deposition.  Counsel may vary the logistical details of the deposition, but only upon written stipulation filed in the record.  If no agreement is reached, the court will issue an order setting the deposition on

a date, time and place convenient for the court.  In all other respects, defendants' motion is DENIED.

New Orleans, Louisiana, this _____20th_____ day of April, 2016.


                                    JOSEPH C. WILKINSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE

9