**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

P. J. HAHN                                               CIVIL ACTION

VERSUS                                                   NO. 15-2867

MICHAEL HUNT, et al.                                     SECTION: "G"(2)

## ORDER

In this litigation, Plaintiff P. J. Hahn ("Hahn") alleges that he is entitled to damages for the value of his copyrighted material that was used in the production of a print that was later sold.[1] Pending before the Court is Defendants Michael Hunt and Hunt Graphics, Inc.'s, d/b/a Hunt Studio,[2] (collectively "Defendants") "Motion for Summary Judgment."[3] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. This motion was set for submission on April 13, 2016. Therefore, any opposition was due on April 5, 2016. Plaintiff has filed no opposition at this time, and therefore the motion is deemed to be unopposed. This Court has the authority to grant a motion as unopposed, although it is not required to do so.[4] Having reviewed the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 1-1 at 3.

[2] In their Notice of Removal, Defendants Michael Hunt and Hunt Graphics, Inc. assert that the third named defendant, "Hunt Studios, Inc." does not exist. Rec. Doc. 1 at 1. They contend that "Hunt Studio" is a registered trade name for Hunt Graphics. Inc. *Id.*

[3] Rec. Doc. 21.

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

# I. Background

*A.*     ***Factual Background***

    In the petition for damages, Hahn alleges that he took numerous photographs as part of a project to raise awareness of the plight of local erosion in and around Plaquemines Parish.[5] Hahn alleges that in June 2012, he solicited the participation of Ducks Unlimited, Inc. and Ducks Unlimited Louisiana 2012.[6] According to Hahn, Michael Hunt produced a lithograph and began soliciting sales of the lithograph through Ducks Unlimited, but later withdrew from the project alleging that Ducks Unlimited had violated its contract.[7] Hahn alleges that in October 2012, Hunt sent Hahn's counsel a contract to obtain permission to use Hahn's copyrighted material that was the basis of the lithograph produced for Ducks Unlimited.[8] Hahn alleges that in February 2015, Defendants settled a lawsuit against Ducks Unlimited, and part of the settlement involved the sale of various editions of the lithograph to Ducks Unlimited.[9] Hahn asserts that Defendants committed fraud in selling the prints that they had not obtained permission to use, and that he is entitled to the value of his copyrighted material.[10]

---

[5] Rec. Doc. 1-1 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.*

**B.**      *Procedural Background*

Hahn filed a petition for damages on June 24, 2015 in the 24th Judicial District Court for the Parish of Jefferson.[11] Defendants removed the case to this Court on July 22, 2015.[12] Defendants filed the instant motion on March 29, 2016.[13] Hahn has not filed any opposition.

## II. Parties' Arguments

**A.**      *Defendants' Arguments in Support of Summary Judgment*

Defendants argue that they are entitled to summary judgment on the copyright claim against them on the grounds that: (1) Hahn has not carried his burden of showing that he registered for copyright protection for the photographs at issue prior to filing suit; (2) Hahn has failed to establish that he owns a valid copyright in the works at issue; (3) Hahn has not demonstrated a "substantial similarity" between his photographs and Defendants' lithographs in order to state a claim for copyright infringement; (4) the indisputable evidence shows that Michael Hunt was given an implied license to use the photographs in the lithographs at issue; and (5) Hahn cannot carry his burden of proof regarding damages he alleges he sustained.[14] In addition, Defendants assert that to the extent that Hahn pleads a fraud claim, he has presented no evidence to support such a claim.[15]

First, Defendants contend that "[a]lthough registration with the copyright office is not a prerequisite to copyright protection, it is a prerequisite to maintaining an infringement lawsuit."[16]

---

[11] Rec. Doc. 1-1.

[12] Rec. Doc. 1.

[13] Rec. Doc. 21.

[14] Rec. Doc. 21-1 at 1–2.

[15] *Id.* at 13.

[16] *Id.* at 6 (quoting *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)).

Defendants contend that registration with the copyright office is a jurisdictional prerequisite to filing a copyright infringement suit.[17] Defendants assert that they asked Hahn in discovery to produce evidence that he registered the works at issue in this case, but he failed to produce any such evidence.[18]

Second, Defendants assert that in order to establish a claim for copyright infringement, Hahn must first show that he owns a valid copyright.[19] Defendants contend that despite being asked to produce in discovery the evidence that Hahn believes demonstrates that he holds a valid copyright interest in the photographs at issue in this case, he has failed to produce any such evidence.[20] Defendants also contend that under the "work for hire" doctrine, a work created by an employee in the course and scope of his employment vests ownership of the copyright in the employer.[21] Defendants contend that Hahn has previously given a deposition in which he described his employment as a Director for the Plaquemines Parish Coastal Department as including responsibilities of "look[ing] at coastal projects" and "rebuilding the barrier islands shortly after the BP spill."[22] Defendants assert that after the BP oil spill, Hahn began photographing the destruction caused to the barrier islands and Hahn asserted that he took the photographs "as a representative of Plaquemines Parish" and that his staff came with him to take the photographs.[23]

---

[17] *Id.* (quoting *Creations Unlimited, Inc.*, 112 F.3d at 816).

[18] *Id.*

[19] *Id.* at 7 (citing *Batiste v. Najm*, 28 F. Supp. 3d 595, 598–99 (E.D. La. 2014) (Engelhardt, J.)).

[20] *Id.*

[21] *Id.* (citing 17 U.S.C. § 201(b)).

[22] *Id.* at 7–8 (citing Rec. Doc. 21-4 at 2–4).

[23] *Id.* at 8 (citing Rec. Doc. 21-4 at 9–10).

Therefore, Defendants contend that Plaquemines Parish, not Hahn, owns the copyright in the photographs.[24]

Third, Defendants contend that in order to establish actionable copyright infringement, Hahn must prove: (1) factual copying and (2) substantial similarity.[25] Defendants assert that in order to determine whether a "substantial similarity" exists between the copyrighted work and the allegedly infringing work, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'"[26] Defendants contend that because Hahn fails to adduce evidence to even allow a comparison, Defendants are entitled to summary judgment.[27]

Fourth, Defendants argue, in the alternative, that Hahn has relinquished any rights he had in the photographs pursuant to the doctrine of implied license.[28] Defendants assert that where "the totality of the parties' conduct indicates an intent to grant such permission, the result is a legal nonexclusive license."[29] Defendants assert that Hahn wrote an email to the Governor's Office expressing his intent for Defendants to create lithograph prints based upon his photographs.[30]

---

[24] *Id.*

[25] *Id.* at 9 (quoting *Positive Black Talk Inc.* v. Cash Money Records, Inc., 394 F.3d 357, 367 (5th Cir. 2004)).

[26] *Id.* (quoting *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2004)).

[27] *Id.*

[28] *Id.*

[29] *Id.* (quoting *Lulirama Ltd., Inc. v. Axcess Broadcast Servs.*, 128 F.3d 872, 879 (5th Cir. 1997)).

[30] *Id.* at 10 (citing Rec. Doc. 21-9).

Fifth, Defendants assert that Hahn has submitted no evidence to support a claim for damages.[31] Defendants contend that there are no profits from sales to assess, Hahn is not entitled to actual damages because he did not own any copyright in the photographs, and he is not entitled to attorney's fees because such damages first require a showing of infringement.[32]

As for the fraud claim, Defendants contend that Hahn has no evidence of any of the elements of a fraud claim: (1) a misrepresentation of a material fact; (2) made with the intent to deceive; (3) reasonable or justifiable reliance by the plaintiff; and (4) resulting injury.[33] Defendants assert that Hahn's deposition testimony and his email to the Governor's office also clearly demonstrate Hahn's knowledge that his photographs would be given to Defendants for the purposes of creating a lithograph to be marketed by Ducks Unlimited.[34] Therefore, Defendants contend that Hahn cannot establish either the element of "misrepresentation" and/or "intent to deceive" elements that are necessary to provide a claim for fraud.[35]

Last, Defendants assert that all the photographs at issue in this case were taken in connection with Hahn's employment as a Coastal Zone Director for Plaquemines Parish.[36] Defendants assert that Hahn is essentially seeking money for performing his job, and government

---

[31] *Id.* at 11.

[32] *Id.* at 11–12.

[33] *Id.* at 13 (citing *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F. App'x 434, 442 (5th Cir. 2011)).

[34] *Id.*

[35] *Id.*

[36] *Id.*

officials should not solicit or accept money for doing the job they were hired to do as this could create a conflict of interest and is against public policy.[37]

### III. Law and Analysis

*A.*      ***Legal Standard on a Motion for Summary Judgment***

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[39] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[40] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[41] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[42]

---

[37] *Id.* at 13–14.

[38] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[39] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[40] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[41] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[42] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[43] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[44] To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.[45] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[46] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[47]

**B.    Analysis**

Defendants move for summary judgment on Hahn's copyright infringement claim and his fraud claim, to the extent that Hahn alleges one. To establish a claim for copyright infringement, a plaintiff must show: (1) that he owns a valid copyright, and (2) that the defendant copied

---

[43] *Celotex*, 477 U.S. at 323.

[44] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994).

[45] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[46] *Little*, 37 F.3d at 1075.

[47] *Martin v. John W. Stone Oil Distrib., Inc*., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

constituent elements of the plaintiff's work that are original.[48] To succeed on the second element, the plaintiff must demonstrate that the alleged infringer copied or "actually used the copyrighted material in his own work," and that "substantial similarity" exists between the copyrighted work and the allegedly infringing work.[49] "[A] side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'"[50]

Defendants' first argument is that registration with the copyright office is a jurisdictional prerequisite to filing a copyright infringement suit, and Hahn has produced no evidence that he registered his purported copyright in the photographs at issue in this case.[51] 17 U.S.C. § 411(a) provides that "[e]xcept for an action brought for a violation of the rights of the author under section 106(A), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." However, the Supreme Court in *Reed Elsevier, Inc. v. Muchnick* held that although the registration requirement contained in section 411(a) is a precondition to filing a claim, it does not deprive federal courts of subject matter jurisdiction to adjudicate infringement claims involving unregistered works.[52] 17 U.S.C. § 411(a) provides that there is an exception to the registration requirement in cases where authors of visual

---

[48] *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

[49] *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).

[50] *Id.* (internal quotation marks omitted).

[51] Rec. Doc. 21-1 at 6 (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)).

[52] 559 U.S. 154, 157 (2010).

art seek to claim authorship of their work. Although it appears in this case that Hahn seeks money, rather than to claim authorship of the photographs at issue in this case, Defendants do not address why this exception does not apply to Hahn's claim. Therefore, because this issue is not jurisdictional, the Court will first address Defendants' other arguments in support of its motion for summary judgment.

Defendant's second argument is that Hahn has not produced any evidence that he owns the copyrights at issue in this case.[53] Defendants assert that Hahn was asked in discovery to produce evidence that he believes demonstrates that he holds a valid copyright interest in the photographs at issue, but Hahn has failed to produce any such evidence.[54] Hahn has not responded to Defendants' motion for summary judgment or submitted any evidence in opposition. The nonmoving party on a motion for summary judgment may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[55] Hahn has produced no evidence that he owns a valid copyright. Furthermore, there is no evidence in the record of either the photographs that Hahn alleges he has a copyright interest in, nor any evidence of the allegedly infringing work. Therefore, Hahn has failed to raise a genuine issue of material fact regarding his claim that he owns a valid copyright and that the defendant copied constituent elements of the plaintiff's work that are original.[56]

---

[53] Rec. Doc. 21-1 at 7.

[54] *Id.*

[55] *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[56] *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Defendants also move for summary judgment on Hahn's claim for fraud, to the extent that he alleges one.[57] "The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury."[58] Hahn has not submitted any evidence in his opposition to the motion for summary judgment in support of any claim for fraud. Accordingly, Hahn has failed to raise a genuine issue of material fact on any of the elements of a claim for fraud.

## IV. Conclusion

Based on the foregoing, the Court concludes that because Hahn has not submitted any evidence in opposition to the motion for summary judgment, he has failed to raise a genuine issue of material fact on any claim for copyright infringement or fraud.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion for Summary Judgment"[59] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  6th  day of May, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 21-1 at 12.

[58] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999).

[59] Rec. Doc. 21.

11