UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

P. J. HAHN                                              CIVIL ACTION

VERSUS                                                  NO. 15-2867

MICHAEL HUNT ET AL.                                     SECTION "G" (2)

**ORDER AND REASONS ON MOTIONS;**
**<u>REPORT AND RECOMMENDATION</u>**

The court previously granted nonparty movant Alexander Ellsworth's request for reasonable attorneys' fees and expenses incurred in connection with prior motions. Record Doc. Nos. 24, 28. Ellsworth was ordered to file a separate motion to determine the amount of the award, supported with evidence as required by Local Rule 54.2. Record Doc. No. 44.

Ellsworth filed a Motion to Fix Costs[1] and Attorneys' Fees, in which he seeks a total of $19,419.50 in fees for 98.5 hours of work by three attorneys and one paralegal (presumably) between March 18 and April 20, 2016. Record Doc. No. 48. Hunt filed a timely opposition memorandum, arguing that the hours billed are excessive, the work performed by multiple attorneys is duplicative and Ellsworth's counsel failed to exercise billing judgment. Hunt suggests that an award of no more than $750 would be appropriate. Record Doc. No. 55. Ellsworth received leave to file a reply memorandum. Record Doc. Nos. 56, 57, 58.

---

[1]Ellsworth has submitted no evidence of any costs.

In addition, the court previously granted in part Hunt's Motion for Contempt of Court for Plaintiff's Failure to Comply with Order Regarding Discovery, Record Doc. No. 42, and ordered that plaintiff, P.J. Hahn, and his counsel of record must pay defendants the reasonable expenses, including attorney's fees, incurred in connection with the motion and/or caused in any other way by plaintiff's failure to comply with the court's previous discovery order. The court ordered Hunt to file a separate motion to determine the amount of the award, supported with evidence as required by Local Rule 54.2, Record Doc. No. 50, and defendants subsequently filed a Motion to Fix Legal Fees. Record Doc. No. 60.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to Hunt's Motion to Fix Legal Fees, submitted for decision on June 8, 2016, without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed.

<u>ANALYSIS</u>

I.    <u>Legal Standards</u>

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this copyright infringement case. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is

excessive, duplicative, or inadequately documented.  Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account.  Such reconsideration is impermissible double-counting."  Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010).

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."  Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted).  Three of the Johnson factors, complexity

of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount.  Heidtman, 171 F.3d at 1043 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9).  After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent.  The Johnson factors are taken into account after the court has determined the lodestar amount.  Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The Supreme Court recently reiterated that "there is a strong presumption that the lodestar is sufficient" and that "an increase is permitted [only] in extraordinary circumstances."  Perdue, 559 U.S. at 546; accord Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012).  Although the party seeking fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995).

As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded.  Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or

redundant hours" when seeking fee awards.  Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006); accord Hensley, 461 U.S. at 433-34. The fee seeker's attorneys bear "the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted).

"Moreover, the court need not explicitly calculate the lodestar to make a reasonable award." No Barriers, Inc. v. Brinker Chili's Texas, Inc., 262 F.3d 496, 501 (5th Cir. 2001) (citation omitted).

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award.  But trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011).  "If the district court has articulated and clearly applied the correct criteria, [the appeals court] will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose."  In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 228-29 (5th Cir. 2008) (quotations and citations omitted).

II.   ELLSWORTH'S MOTION

    A.   Reasonable Rates

Ellsworth's motion to fix attorney's fees is granted in part and denied in part. Ellsworth requests hourly rates of $200 for a member of the firm with 8 years of experience; $225 for counsel to the firm with 23 years of experience; and $175 for an associate with an L.L.M. and 2 years of experience as an attorney in the United States. The statement of legal fees includes one entry by an unidentified timekeeper at a rate of $90 per hour, apparently for a paralegal or law clerk.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested.  La. Power & Light Co., 50 F.3d at 329.  Defendants do not oppose the requested rates, and I find that the hourly rates are within prevailing market rates and are reasonable.

    B.   Reasonable Hours

The hours of work reflected in the supporting materials are generally well documented and reasonably related to the subject motions, with the following exceptions. The unidentified timekeeper had only one entry of 1.3 hours at $90 per hour (total $117.00) for reviewing pleadings and subpoenas on March 18, 2016, the first day that Ellsworth's attorneys worked on this matter.  Since this person never worked on the

matter again, it is unclear what contribution he or she made to the motions. Thus, I cannot find that this time entry was reasonable and I will deduct it.

I also deduct the following time entries, which include work not directly related to the two motions in the instant litigation and/or are too vague to support a finding that the time was reasonably expended.

| DATE[2] | HOURS | FEES DEDUCTED |
|---------|-------|---------------|
| 3/18 | 1.4 | $  280.00 |
| 3/18 | .5 | 100.00 |
| 3/21 | .8 | 160.00 |
| 3/22 | .7 | 140.00 |
| 3/24 | .8 | 160.00 |
| 4/05 | .4 | 80.00 |
| 4/05 | .2 | 40.00 |
| 4/08 | .7 | 140.00 |
| 4/19 | .2 | 40.00 |
| SUBTOTAL | 5.7 | $1,140.00 |

In addition, I deduct all of the time spent by a second attorney for preparing for and attending the hearing on the subject motions, which was duplicative of one attorney's 3.0 hours of preparation and 1.5 hours of attendance time. Two partner-level lawyers were not necessary to prepare for and attend this hearing.

| DATE | HOURS | FEES DEDUCTED |
|------|-------|---------------|
| 4/19 | 1.7 | $  340.00 |
| 4/20 | 2.4 | 480.00 |
| Prior Subtotal | 5.7 | 1140.00 |
| TOTAL | 9.8 | $1,960.00 |

_____

[2]All dates are in 2016.

Applying these deductions reduces the lodestar from 98.5 hours to 87.4 hours (98.5 minus 1.3 minus 9.8) reasonably expended and from $19,419.50 to $17,342.50 ($19,419.50 minus $117.00 minus $1,960.00) in reasonable fees.

I further find that all three lawyers billed some time that was not directly related to the subject motions or that, while incurred in connection with preparing Ellsworth's submissions, was unnecessary to resolution of the motions. Examples include research of Louisiana law regarding violations of protective or restraining orders issued by the state courts that are handling unrelated litigation involving the same parties as in the instant matter and/or Ellsworth as a party. Although Ellsworth's counsel extensively briefed the allegations and procedural history of the state court lawsuits in his motion papers, I previously found and reiterate now that "[t]hose state court actions have nothing legally and little factually to do with this federal copyright infringement claim" or the subject motions. Record Doc. No. 44 at p. 2. Finally, some time entries by all three attorneys were excessive, either because the time spent by one lawyer was too much for the particular task; Ellsworth's original, supplemental and reply briefs were excessive and beyond what the court needed to decide the motions in <u>this</u> litigation; and/or more than one partner-level attorney worked on the same tasks.

Based on these findings, I find that Ellsworth's counsel have <u>not</u> exercised adequate billing judgment by writing off unproductive, excessive or redundant hours. The proof submitted in support of this motion nowhere states that any attorney time was

deleted from the itemized statement submitted to the court. In addition, although Ellsworth's motion was successful, defendants' related motion was also successful in part, in that Ellsworth was required to provide some of the disputed discovery. Record Doc. No. 44 at pp. 6-7. Therefore, I reduce the lodestar of 87.4 hours and $17,342.50 in fees by an additional 50 percent to account for lack of billing judgment, leaving a lodestar of 43.7 reasonable hours and $8,671.25 in reasonable attorney's fees. The Johnson factors require no adjustment.

II.    HUNT'S MOTION

Hunt's Motion to Fix Legal Fees is granted. Hunt's counsel declares that he has been practicing for nearly 16 years and he bills Hunt at an hourly rate of $250. He seeks an award of $1,000.00 for three hours of work spent preparing Hunt's motion for contempt and one hour spent on the instant motion. Plaintiff has not opposed the motion, and I find that it has merit.

The same lodestar standards cited above apply to Hunt's motion. In addition, it is settled that a prevailing party is entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application. Alexander v. City of Jackson, 456 F. App'x 397, 400 (5th Cir. 2011); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Payne v. Univ. of S. Miss., No. 1:12-CV-41-KS-MTP, 2016 WL 698130, at *3 (S.D. Miss. Feb. 19, 2016); Lewallen v. City of Beaumont, No. 1:05-CV-733-TH, 2009 WL 2175637,

at *8 (E.D. Tex. July 20, 2009), aff'd, 394 F. App'x 38 (5th Cir. 2010); Walker v. City

of Bogalusa, No. 96-3470, 1997 WL 666203, at *9 (E.D. La. Oct. 24, 1997), aff'd, 168

F.3d 237 (5th Cir. 1999) (citing Cruz, 762 F.2d at 1233).

I find that the requested hourly rate is unopposed, within prevailing market rates

and reasonable.  I further find that the time spent on Hunt's motions for contempt of

court for plaintiff's failure to comply with the court's discovery order and to fix

attorney's fees was reasonable and needs no adjustment for any reason.

## CONCLUSION

Accordingly, with the reductions noted above, **IT IS ORDERED** that Ellsworth's

motion is GRANTED IN PART in that defendants, Michael Hunt and Hunt Graphics,

Inc. d/b/a Hunt Studio, must pay Alexander Ellsworth $8,671.25 in reasonable attorney's

fees.  Fed. R. Civ. P. 37(a)(5)(A).

**IT IS FURTHER ORDERED** that defendants' motion is GRANTED and that

plaintiff, P.J. Hahn, and his counsel, Scott William McQuaig and Robert T. Garrity, Jr.,

must pay defendants $1,000.00 in reasonable attorney's fees.   Fed. R. Civ. P.

37(b)(2)(C).

## **RECOMMENDATION**

Judgment has been entered in this case, dismissing plaintiff's claims and ordering

each party to bear its own costs.  Record Doc. No. 54.  Accordingly, for the foregoing

reasons, **IT IS RECOMMENDED** that the judgment be amended in favor of Alexander

Ellsworth and against defendants in the amount of $8,671.25 in reasonable attorney's fees.  Fed. R. Civ. P. 54(d)(2).

**IT IS FURTHER RECOMMENDED** that the judgment be amended in favor of defendants and against plaintiff and his counsel, Scott William McQuaig and Robert T. Garrity, Jr., in the amount of $1,000.00 in reasonable attorney's fees.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this _____6th_____ day of June, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

11