UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

P.J. HAHN                                                  CIVIL ACTION

VERSUS                                                     NO. 15-2867

MICHAEL HUNT, et al.                                       SECTION: "G"(2)

## ORDER

Before the Court is Defendants Michael Hunt and Hunt Graphics, Inc. d/b/a Hunt Studio's ("Defendants") "Appeal of Magistrate Judge Wilkinson's Order and Reasons on Motions Dated April 20, 2016" granting in part and denying in part both: (1) non-party Alexander Ellsworth's ("Ellsworth") "Motion to Quash, or Alternatively, for a Protective Order" and (2) Defendants' "Motion to Compel Compliance with Subpoenas and, Alternatively, for Contempt."[1] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will affirm the Magistrate Judge's April 20, 2016 Order and amend the judgment entered in this case as recommended by the Magistrate Judge.

## I. Background

### A. Procedural History

Plaintiff P.J. Hahn filed a petition for damages on June 24, 2015 in the 24th Judicial District Court for the Parish of Jefferson.[2] In the petition for damages, Hahn alleged that he took numerous photographs as part of a project to raise awareness of the plight of local erosion in and

_____

[1] Rec. Doc. 51.

[2] Rec. Doc. 1-1.

1

around Plaquemines Parish.[3] Hahn alleges that in June 2012, he solicited the participation of

Ducks Unlimited, Inc. and Ducks Unlimited Louisiana 2012.[4] According to Hahn, Michael Hunt

produced a lithograph and began soliciting sales of the lithograph through Ducks Unlimited, but

later withdrew from the project alleging that Ducks Unlimited had violated its contract.[5] Hahn

alleges that in February 2015, Defendants settled a lawsuit against Ducks Unlimited, and part of

the settlement involved the sale of various editions of the lithograph to Ducks Unlimited.[6] Hahn

asserts that Defendants committed fraud in selling the prints that they had not obtained

permission to use, and that he is entitled to the value of his copyrighted material.[7]

Defendants removed the case to this Court on July 22, 2015.[8] Defendants filed a motion

for summary judgment on March 29, 2016.[9] Hahn did not filed any opposition. On May 7, 2016,

the Court granted Defendants' motion for summary judgment,[10] and entered judgment in favor of

Defendants.[11]

On April 20, 2016, prior to judgment being entered in this matter, the Magistrate Judge

issued an order granting in part and denying in part both: (1) Ellsworth's "Motion to Quash, or

Alternatively, for a Protective Order" and (2) Defendants' "Motion to Compel Compliance with

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.*

[8] Rec. Doc. 1.

[9] Rec. Doc. 21.

[10] Rec. Doc. 53.

[11] Rec. Doc. 54.

Subpoenas and, Alternatively, for Contempt."[12] Defendants filed the instant appeal of the Magistrate Judge's decision on May 4, 2016.[13] Ellsworth filed an opposition on May 17, 2016.[14] Defendants filed a reply brief on May 27, 2016, with leave of Court.[15]

**B.      *The Magistrate Judge's April 20, 2016 Order***

As noted above, the April 20, 2016 Order granted in part and denied in part both Ellsworth's motion to quash and Defendants' motion to compel.[16] Both motions related to subpoenas and a deposition notice seeking testimony and production of documents and electronically stored information from Ellsworth, an individual named by Defendants as a witness.[17] The Magistrate noted that although the current dispute was limited to this case, it was informed by the fact that Defendants and Ellsworth were engaged in two separate state court actions which appeared to have been "vitriolic and virulently litigated."[18]

The Magistrate found that the subpoenas Defendants issued to Ellsworth were excessive, sought much that was not relevant to the claims and defenses in this copyright infringement case, including possibly privileged communications between Ellsworth and his attorneys, and were beyond what was necessary and beneficial to resolution of this case.[19] The Magistrate noted that the requests for production sought "all materials of all kinds relating to Hunt and all 'artwork

---

[12] Rec. Doc. 51.

[13] Rec. Doc. 51.

[14] Rec. Doc. 59.

[15] Rec. Doc. 63.

[16] Rec. Doc. 44.

[17] *Id.* at 1.

[18] *Id.* at 2.

[19] *Id.* at 5.

created by' Hunt, without limitation to the particular allegedly copyrighted photographs and print/lithographs for Ducks Unlimited that are the actual subject of the parties' claims and defenses in this lawsuit."[20] Additionally, the Magistrate found the logistical requirements of the subpoena duces tecum and the "Notice of Records Deposition" unreasonable as they provided only 10 days for production of the requested materials from the date of the request, whereas Federal Rule of Civil Procedure 34 provides for 30 days for responses to requests for production between parties.[21] Accordingly, the Magistrate determined that the subpoenas exceeded the scope of permissible discovery.[22]

The Magistrate noted that discovery in this case should be limited to the claims and defenses raised here, not to the claims, defenses, or subject matter of the separate state court lawsuits.[23] Moreover, because Ellsworth was not a party to this action, the Magistrate found that his testimony as a non-party witness was limited to the claims and defenses raised in this case, and did not extend to the vast range of materials sought in Defendants' subpoena duces tecum.[24] The Magistrate determined that the potential for burden, annoyance and oppression appeared to be substantial, considering the scope of the discovery requests served upon Ellsworth by Defendants and the nature of the separate state court litigation.[25]

Therefore, the Magistrate granted Ellsworth's motion to quash the subpoenas and

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 6.

[24] *Id.*

[25] *Id.*

deposition notices.[26] The Magistrate modified the subpoena duces tecum to require that Ellsworth produce to Defendants only the non-privileged materials in his possession, custody or control concerning a limited amount of documentation.[27] The Magistrate also granted Ellsworth's request for a protective order, limiting Ellsworth's oral deposition to certain topics and materials.[28] The Magistrate further granted Ellsworth's motion insofar as it sought attorney's fees and expenses incurred in connection with the motion.[29] Finally, the Magistrate granted Defendants' motion to the extent that it required Ellsworth to produce materials to the Defendants and to appear for a deposition, as limited by the Magistrate's Order.[30]

**C.     The Magistrate's June 6, 2016 Order**

On June 2, 2016, the Magistrate issued an Order recommending that this Court amend the judgment previously entered in this case in favor of Ellsworth and against Defendants in the amount of $8,671.25 in reasonable attorney's fees.[31] The Magistrate also recommended that the judgment be amended in favor of Defendants and against Plaintiff and his counsel, Scott William McQuaig and Robert T. Garrity, Jr., in the amount of $1,000.00 in reasonable attorney's fees.[32]

## II. Parties' Arguments

**A.     Defendants' Arguments in Support of Appeal**

By way of background, Defendants argue that Ellsworth is Hunt's brother-in-law and

---

[26] *Id.*

[27] *Id.* at 6–7.

[28] *Id.* at 7.

[29] *Id.* at 7–8.

[30] *Id.* at 8.

[31] Rec. Doc. 64 at 10–11.

[32] *Id.* at 11.

former insurance agent, who "following a routine legal dispute concerning a claim filed by Mr. Hunt following Hurricane Isaac, has vowed to use the court system to 'destroy' Mr. Hunt, both personally and professionally."[33] Defendants assert that Ellsworth was communicating with Hahn and his attorney prior to the instant lawsuit being filed.[34] Defendants contend that Ellsworth "had no legitimate reason to be communicating with either individual other than to effectuate his expressed vendetta against Mr. Hunt."[35]

Defendants contend that Ellsworth's possible involvement in Hahn's decision to bring this suit was relevant to one or more defenses including that the claims are barred by the equitable doctrines of unclean hands, estoppel, waiver, accord and satisfaction, and/or laches and that the suit was brought in bad faith for purposes of harassment.[36] Defendants assert that during the hearing on the motion the Magistrate determined that these defenses pertained solely to Hunt's ability to recover fees and costs in the event he prevailed on his defense of Plaintiff's claims, and were therefore not "claims or defenses" relevant to the issues in this suit.[37] Defendants assert that the Magistrate "was incorrect to limit discovery on the basis of an artificial distinction."[38] Defendants argue that Rule 26 requires that they be permitted to explore Plaintiff's motives for bringing suit.[39] Moreover, Defendants contend that Rule 26 also allows the Court to order discovery of "any matter relevant to the subject matter involved in the action"

---

[33] Rec. Doc. 51-1 at 1.

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.* at 4–5.

[37] *Id.* at 5.

[38] *Id.*

[39] *Id.* at 6.

upon a showing of good cause, and Defendants argue that Ellsworth's involvement in the suit falls within this broader category of permissible discovery.[40]

Next, Defendants argue that the scope of information sought is not excessive, and the Magistrate erred in limiting the scope of the subpoena duces tecum.[41] Additionally, Defendants assert that the subpoenas should not have been quashed on attorney-client privilege grounds.[42] Defendants contend that the subpoena only requested documents sent to or from Ellsworth's attorneys and third parties.[43] Therefore, Defendants assert that these communications are not privileged.[44] Defendants also argue that the subpoena should not have been quashed on timeliness grounds to their failure to allow 30 days for responses typically afforded to parties under Federal Rule of Civil Procedure 34.[45]

Finally, Defendants argue that the Magistrate should not have awarded Ellsworth attorney's fees.[46] Because both parties' motions were granted in part and denied in part, Defendants contend that fees should have been awarded reciprocally, or not at all, pursuant to Federal Rule of Civil Procedure 37(a)(5).[47]

---

[40] *Id.* at 7–8.

[41] *Id.* at 8.

[42] *Id.*

[43] *Id.* at 9–10.

[44] *Id.* at 10 (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999); *Hodges, Grant & Kaufmann v. US*, 768 F.2d 719, 721 (5th Cir. 1985)).

[45] *Id.*

[46] *Id.* at 11.

[47] *Id.*

### B.  Ellsworth's Arguments in Opposition

In opposition, Ellsworth argues that Defendants used this Court's subpoena power to serve subpoenas on him "for the improper purpose of obtaining a vast array of information that would help [Defendants] in an unrelated state court action."[48] Ellsworth argues that much of the discovery propounded in an unrelated case pending in Jefferson Parish is the exact information sought by Defendants in the subpoena duces tecum served in this matter.[49] Ellsworth asserts that the state court judge limited the discovery requests made in that case to only communications between Ellsworth and anyone he listed as a witness.[50]

Ellsworth asserts that Defendants attempt to interject new facts, arguments and defenses that were not before the Magistrate when he ruled on this discovery dispute.[51] Ellsworth asserts that before the Magistrate, Defendants argued that Ellsworth's deposition and the requested documents were relevant to Affirmative Defense No. 10, whereas now they argue the information is relevant to Affirmative Defenses No. 3 and No. 17.[52]

Ellsworth argues that the Magistrate acted within his discretion in finding that the subpoenas were overbroad and appropriately limited the scope of the subpoenas.[53] Ellsworth also contends that the Magistrate Judge correctly found that Ellsworth established good cause for a protective order due to the discovery restrictions imposed in the state court proceeding involving

---

[48] Rec. Doc. 59 at 3.

[49] *Id.* at 6.

[50] *Id.* at 7.

[51] *Id.* at 10.

[52] *Id.*

[53] *Id.* at 12.

Ellsworth and Michael Hunt.[54] Finally, Ellsworth asserts that the attorneys' fees sanction that the Magistrate imposed on Defendants was reasonable because the subpoenas were not filed in good faith.[55]

### C.     Defendants' Arguments in Further Support of Appeal

On May 27, 2016, with leave of Court, Defendants filed a reply brief in further support of their appeal.[56] Defendants assert that, because this Court granted summary judgment in favor of Defendants, the only issue that remains on appeal is the Magistrate's award of attorneys' fees.[57] Defendants contend that they acted with a good faith belief that Ellsworth was involved in the decision to bring the instant suit, and they took steps to tailor its subpoenas only to those issues relevant to this case.[58] Because the Magistrate granted Defendants' motion to compel in part and ordered that Ellsworth would be required to sit for a deposition and produce documents, Defendants contend that it would be inequitable to award Ellsworth attorneys' fees.[59]

### III. Law and Analysis

### A.     Standard of Review

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[60] When objections are raised to non-dispositive pretrial matters, a district court must consider them and

---

[54] *Id.* at 14–15.

[55] *Id.* at 17.

[56] Rec. Doc. 63.

[57] *Id.* at 1–2.

[58] *Id.* at 2–3.

[59] *Id.* at 3.

[60] 28 U.S.C. § 636(b)(1)(A).

"modify or set aside any part of the order that is clearly erroneous or contrary to law."[61]  Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[62]

**B.      Analysis**

On May 7, 2016, the Court granted Defendants' motion for summary judgment,[63] and entered judgment in favor of Defendants.[64] Therefore, the discovery contemplated by the Magistrate Judge's order was rendered moot, and the only issue that remains on appeal is whether the Magistrate Judge erred in awarding Ellsworth attorneys' fees in the amount of $8,671.25.

The Federal Rules of Civil Procedure provide that if a motion to compel discovery or a motion for a protective order is granted or denied, the court must award attorneys' fees to the prevailing party.[65] If a motion for a protective order or a motion to compel is granted in part and denied in part, the court may, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[66]

Here, the Magistrate granted in part and denied in part both Defendants' motion to compel and Ellsworth's motion to quash and for a protective order.[67] In the June 6, 2016 Order fixing the amount of attorneys' fees, the Magistrate noted that although Ellsworth's motion was

---

[61] Fed. R. Civ. P. 72(a).

[62] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[63] Rec. Doc. 53.

[64] Rec. Doc. 54.

[65] Fed. R. Civ. P. 37(a)(5)(A), a(5)(B). *See also* Fed. R. Civ. P. 26(c)(3).

[66] Fed. R. Civ. P. 37(a)(5)(C). *See also* Fed. R. Civ. P. 26(c)(3).

[67] Rec. Doc. 44.

successful, Defendants' related motion was also successful in part, and that Ellsworth was required to provide some of the disputed discovery.[68] Therefore, the Magistrate reduced the amount of attorneys' fees requested by Ellsworth by 50 percent.[69]

Defendants point to no authority to support their assertion that the Magistrate abused his discretion in awarding attorneys' fees to Ellsworth but not to Defendants. Both parties were partially successful in their motions. However, the Magistrate found that the subpoenas Defendants issued to Ellsworth were excessive, sought much that was not relevant to the claims and defenses in this copyright infringement case, including possibly privileged communications between Ellsworth and his attorneys, and were beyond what was necessary and beneficial to resolution of this case.[70]

Defendants argue that attorneys' fees should have been awarded reciprocally. However, Defendants' motion to compel did not specifically request that the Magistrate award them attorneys' fees,[71] and the decision to award of attorneys' fees was discretionary under the Federal Rules of Civil Procedure because both parties were partially successful on their motions.[72] Therefore, the Court finds that the Magistrate decision to award attorneys' fees to Ellsworth is not clearly erroneous or contrary to law.

The Magistrate's June 2, 2016 Order recommends that this Court amend the judgment

---

[68] Rec. Doc. 64.

[69] *Id.*

[70] Rec. Doc. 44 at 5.

[71] *See* Rec. Doc. 28-1 at 10 ("Hunt respectfully requests that this Court enter an Order: (1) requiring Mr. Ellsworth to produce documents responsive to the Subpoena to Produce Documents, or to affirmatively state that all responsive documents have already been produced; (2) ordering Mr. Ellsworth to provide dates upon which he will appear for a deposition; (3) and for all other relief the Court deems just and proper.").

[72] Fed. R. Civ. P. 37(a)(5)(C). *See also* Fed. R. Civ. P. 26(c)(3).

previously entered in this case in favor of Ellsworth and against Defendants in the amount of $8,671.25 in reasonable attorney's fees.[73] Defendants did not file any supplemental briefing contesting the amount of attorneys' fees recommended by the Magistrate. Accordingly, the Court will adopt the Magistrate's recommendation that the Court amend the judgment in favor of Ellsworth and against Defendants in the amount of $8,671.25 in reasonable attorney's fees.

The Magistrate also recommended that the judgment be amended in favor of Defendants and against Plaintiff and his counsel in the amount of $1,000.00 in reasonable attorney's fees. No party objects to this recommendation. Accordingly, the Court will adopt the Magistrate's recommendation that the Court amend the judgment in favor of Defendants and against Plaintiff and his counsel, Scott William McQuaig and Robert T. Garrity, Jr., in the amount of $1,000.00 in reasonable attorney's fees.

---

[73] Rec. Doc. 64 at 10–11.

### IV. Conclusion

For the reasons stated above, the Court finds that the Magistrate's decision to award Ellsworth attorneys' fees was not clearly erroneous or contrary to law. Therefore, the Court will adopt the Magistrate Judge's recommendation that the Court amend the judgment in favor of Ellsworth and against Defendants in the amount of $8,671.25 in reasonable attorney's fees. The Court will also adopt the Magistrate's unopposed recommendation to amend the judgment in favor of Defendants and against Plaintiff and his counsel, Scott William McQuaig and Robert T. Garrity, Jr., in the amount of $1,000.00 in reasonable attorney's fees. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's April 20, 2016 Order is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Court adopts the Magistrate's recommendation to amend the judgment in favor of Ellsworth and against Defendants in the amount of $8,671.25 in reasonable attorney's fees.

**IT IS FURTHER ORDERED** that the Court adopts the Magistrate's recommendation to amend the judgment in favor of Defendants and against Plaintiff and his counsel, Scott William McQuaig and Robert T. Garrity, Jr., in the amount of $1,000.00 in reasonable attorney's fees.

**NEW ORLEANS, LOUISIANA**, this <u>2nd</u> day of November, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

13